UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                                           CRIMINAL NO. 3:25-CR-61-DJH

ANGEL DAVID ZUNIGA BACA                                                                   DEFENDANT

## UNITED STATES' SENTENCING MEMORANDUM
*-Electronically Filed-*

The United States of America, by counsel, Assistant United States Attorney Alicia P. Gomez, files its memorandum in support of its sentencing recommendation in this action, currently scheduled for August 6, 2025.

### Statutory Sentencing Provisions

Zuniga Baca stands convicted of possession of a firearm by a prohibited person, in violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(8). (Count 1 of the Indictment). A conviction under these statutes carries a maximum term of imprisonment of 15 years, a potential maximum fine of $250,000, and a term of supervised release of no more than 3 years. The defendant also stands convicted of reentry after deportation/removal, in violation of Title 8, United States Code, Section 1326(a). (Count 2 of the Indictment). A conviction under this statute carries a maximum term of imprisonment of 2 years, a potential maximum fine of $250,000, and a term of supervised release of no more than 1 year.

### Guideline Calculations

The United States Probation Office has prepared a Presentence Investigation Report (PSR), which concludes that the total offense level applicable to the offense should be 12. (DN 24, PSR at ¶ 35 Page ID # 75). The PSR also concludes that Mr. Zuniga Baca's criminal history places him

in Criminal History Category III. (*Id*. at ¶ 45, Page ID # 77). Based upon a total offense level of 12 and a criminal history category of III, the guideline imprisonment range is 15 to 21 months. (*Id*. at ¶ 64, Page ID # 80).

Analysis of § 3553(a) Factors

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
   . . .

(5) any pertinent policy statement--
   . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Mr. Zuniga Baca stands convicted of possession of a firearm by a prohibited person and reentry after deportation/removal. At sentencing, the United States will recommend a sentence of 15 months, which is at the low end of the Guideline range. This sentence will promote respect for the law, provide just punishment for the offense, protect the public, deter further criminal conduct, and provide Mr. Zuniga Baca with needed correctional treatment. The proposed guideline sentence of 15-months' imprisonment meets these factors.

## Conclusion

For the reasons set forth herein, the United States respectfully requests the Court to apply the Sentencing Guidelines, as outlined above, follow the statutory directives set out in 18 U.S.C. § 3553(a), and impose a sentence at the low end of the guideline range, which is sufficient, but not greater than necessary to satisfy the § 3553(a) factors.

Respectfully submitted,

KYLE G. BUMGARNER
United States Attorney

/s/ *Alicia P. Gomez*
Alicia P. Gomez
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
PH:  (502) 582-5911
alicia.gomez@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

/s/ *Alicia P. Gomez*
Alicia P. Gomez
Assistant U.S. Attorney